

HAIGHT, S.
PART I

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-9-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INDUSTRIAL COMPUTING, INC., On Behalf Of Itself And All Others Similarly Situated,

    Plaintiff,

vs.

CHUNGHWA PICTURE TUBES, LTD.; CHUNGHWA PICTURE TUBES (MALAYSIA) Sdn. Bhd.; LG ELECTRONICS, INC.; LP DISPLAYS; ROYAL PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA; TOSHIBA CORPORATION; TOSHIBA MATSUSHITA DISPLAY TECHNOLOGY CO, LTD.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD; MT PICTURE DISPLAY CO., LTD.; HITACHI LTD.; HITACHI AMERICA LTD.; HITACHI ASIA, LTD.; PANASONIC CORPORATION OF NORTH AMERICA; SAMSUNG SDI CO., LTD,; SAMSUNG SDI AMERICA, INC.; and SAMTEL COLOR, LTD.;

    Defendants.

Case No. 07 CIV 11203 (GA)

ECF CASE

STIPULATION RE EXTENSION OF TIME FOR DEFENDANT TO ANSWER, MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

WHEREAS Plaintiff Industrial Computing, Inc. ("Plaintiff") filed a complaint in the above-captioned case on or about December 13, 2007;

WHEREAS Plaintiff alleges antitrust violations by manufacturers, distributors, and sellers of Cathode-Ray Tubes and products containing Cathode-Ray Tubes (collectively, "CRT products");

WHEREAS more than ten complaints have been filed to date in federal district courts throughout the United States by plaintiffs purporting to bring class actions on behalf of direct and indirect purchasers alleging antitrust violations by manufacturers, distributors, and sellers of CRT products (collectively, "the CRT Cases");

WHEREAS, a motion is pending before the Judicial Panel on Multidistrict Litigation to transfer the CRT cases to this jurisdiction for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. A response to the motion has been filed, and the parties anticipate that additional responses will be filed by plaintiffs and various defendants;

WHEREAS Plaintiff anticipates the possibility of Consolidated Amended Complaints in the CRT Cases;

WHEREAS Plaintiff and Defendant Panasonic Corporation of North America ("PNA") have agreed that an orderly schedule for any response to the pleadings in the CRT Cases would be more efficient for the parties and for the Court;

WHEREAS Plaintiff agrees that the deadline for PNA to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to PNA that

Plaintiff does not intend to file a Consolidated Amended Complaint, provided however, that in the event that PNA should agree to an earlier response date in any CRT case, PNA will respond to the Complaint in the above-captioned action on that earlier date;

WHEREAS Plaintiff further agrees that this extension is available, without further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation;

WHEREAS this Stipulation does not constitute a waiver by PNA of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process;

WHEREAS, with respect to any named defendant joining the stipulation, this Stipulation does not constitute a waiver of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process.

THEREFORE, PLAINTIFF AND DEFENDANT PNA, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

1. The deadline for PNA to answer, move, or otherwise respond to the Complaint shall be extended until the earliest of the following dates: (1) forty-five days after the filing of a Consolidated Amended Complaint in the CRT Cases; or (2) forty-five days after Plaintiff provides written notice to PNA that Plaintiff does not intend to file a Consolidated Amended Complaint, provided however, that in the event that PNA should agree to an earlier response date in any CRT case, PNA will respond to the Complaint in the above-captioned action on that earlier date.

2. This extension is available, without further stipulation with counsel for Plaintiff, to all named defendants who notify Plaintiff in writing of their intention to join this Stipulation;

3. This Stipulation does not constitute a waiver by PNA, or any other named defendant joining the Stipulation of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process or service of process.

4. Plaintiff and PNA agree that notwithstanding the above paragraphs, should any Defendant to whom this extension applies respond to any complaint in another CRT case prior to the date contemplated by this Stipulation, then such Defendant shall make a simultaneous response to the complaint in the above-captioned matter.

**IT IS SO STIPULATED.**

DATED: January 8, 2008

By: _Jeffrey Klaster / by permission_
Jeffrey A. Klafter (JK-0953)
KLAFTER & OLSEN LLP
White Plains, NY 10605
Telephone: (914) 997-5656
Facsimile: (914) 997-2444

Paul F. Bennett
Steven O. Sidener
Joseph M. Barton
GOLD BENNETT CERA & SIDENER LLP
595 Market Street, Suite 2300
San Francisco, CA 94105-2835
Telephone: (415) 777-2230
Facsimile: (415) 777-5189

Attorneys for Plaintiff Industrial Computing, Inc.

SO ORDERED:
01/09/08
_____
U.S.D.J.
(PART I)

NY1:\1533828\01\WV$C01!.DOC\62130.0354

4

By: /s/ [signature]

Steven A. Reiss (SR-5889)
David L. Yohai (DY-8379)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Jeffrey L. Kessler
A. Paul Victor
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

Attorneys for Defendant Panasonic
Corporation of North America